CREATIVE DISPLAYS, INC. OF KNOXVILLE, Plaintiff-Appellee,

v.

The CITY OF PIGEON FORGE et al., Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

Sept. 6, 1978.

Certiorari Denied by Supreme Court Dec. 11, 1978.

---

Gary R. Wade, Ogle, Wade & Vickers, Sevierville, for defendant-appellant.

Lawrence P. Leibowitz, Knoxville, for plaintiff-appellee.

OPINION

LEWIS, Judge.

The Board of Commissioners of defendant, City of Pigeon Forge (hereafter City), on May 22, 1973, passed Ordinance No. 62. Section 5 of that Ordinance provided:

*"OUTDOOR BILLBOARDS.* It shall hereafter be unlawful to erect any outdoor billboard, which is herewith defined as a sign which directs attention to a business, commodity, service, entertainment, or other activity, conducted, sold or offered elsewhere than on the premises upon which the sign is located, in any zoning district as defined in the Zoning Ordinance of the City of Pigeon Forge, Tennessee. Provided further, that any outdoor billboard as defined in this section which is presently situated in the zoning district shall, within two years (2 yrs.) from the date of passage of this ordinance, be removed."

The Ordinance was later amended changing "within two years (2 yrs.)" to "within three years (3 yrs.)".

In 1974 the City passed Ordinance No. 97 to include "flashing signs" within the prohibitions of Ordinance No. 62.

On April 1, 1976, the City, by letter, "reminded" plaintiff that the Pigeon Forge Board of Commissioners had decided that a three-year amortization was more than adequate and had established a final deadline of May 22, 1976, for removal of signs not in compliance with the Ordinances.

On May 20, 1976, plaintiff filed its complaint which it later amended, alleging that Ordinances Nos. 62 and 97 were ultra vires because they violated T.C.A. § 13–701 et seq., specifically § 13–708, and were in violation of the First Amendment to the United States Constitution.

The City answered denying all material allegations.

Plaintiff filed a motion for summary judgment "on the grounds that the Ordinances were ultra vires inasmuch as they violate § 13–701 et seq., T.C.A., specifically § 13–708, which provides for the continuation of non-conforming uses."

After a hearing, the Chancellor sustained the motion for summary judgment on two grounds, (1) that T.C.A. § 13–708 (Supp. 1978) provided for the continuation of nonconforming uses which existed prior to the establishment of the zoning ordinances, and

(2) that the ordinances as they related to the property of plaintiff were unconstitutional.

The City appealed and assigned as error:

1. That the Court erred in sustaining the motion for summary judgment on constitutional grounds.

2. That the Court erred in sustaining the motion on the ground that the ordinance was in conflict with T.C.A. § 13–708.

The Chancellor properly sustained the motion for summary judgment on the ground that T.C.A. § 13–708 (Supp.1978), provides for continuation of non-conforming uses which existed prior to the establishment of the zoning ordinance.

The pertinent part of T.C.A. § 13–708 (Supp.1978) is:

13–708. Enforcement of ordinances—Remedies.—The chief legislative body may provide for the enforcement of any ordinance enacted under this chapter. A violation of any such ordinance is hereby declared to be a misdemeanor. In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted or maintained, or any building, structure or land is or is proposed to be used in violation of any ordinance enacted under this chapter, the building commissioner, municipal counsel or other appropriate authority of the municipality, or any adjacent or neighboring property owner who would be specially damaged by such violation, may, in addition to other remedies, institute injunction, mandamus or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, or to correct or abate such violation, or to prevent the occupancy of said building, structure or land.

In the event that a zoning change occurs in any land area where such land area was not previously covered by any zoning restrictions of any governmental agency of this state or its political subdivisions, or where such land area is covered by zoning restrictions of a governmen-

tal agency of this state or its political subdivisions and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any industrial, commercial or business establishment in operation, permitted to operate under zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be permitted provided that no change in the use of the land is undertaken by such industry or business.

\* \* \* \* \* \*

The provisions of the preceding three (3) paragraphs shall apply only to land owned and in use by such affected business, and shall not operate to permit expansion of an existing industry or business through the acquisition of additional land.

There is no dispute that plaintiff's business was in operation prior to the passage of Ordinances No. 62 and 97.

It is the City's contention that plaintiff does not come within the protection afforded by T.C.A. § 13–708 (Supp.1978) since it is not the fee owner of the land but only has a leasehold interest. It contends, in essence, that to come within the protection afforded for non-conforming uses you must be the owner of the fee.

To construe T.C.A. § 13–708 (Supp.1978) in this manner would be to prevent a non-conforming use by a lessee with a 99-year lease while allowing his next door neighbor to continue the same non-conforming use because he owns the fee.

We do not so construe the statute; nor can we imagine the Legislature having any such intent at the time of passage.

The Chancellor found from the pleadings and affidavits, and the City admits in its brief, that the plaintiff owns a leasehold interest in the land affected by the ordinances. A leasehold is defined as "[a]n estate in realty held under a lease. \* \*." *Black's Law Dictionary,* 1036 (4th ed. rev. 1968).

We hold that the plaintiff had such an interest in the land and was operating such a business as was intended to be protected by T.C.A. § 13–708 (Supp.1978).

Since we are able to dispose of this case on nonconstitutional issues, it is not necessary that we consider the assignment regarding the constitutional question.

The judgment below, insofar as it sustains the motion on the ground that T.C.A. § 13–708 (Supp.1978) provides for continuation of non-conforming uses as affects the plaintiff, is affirmed. Costs are assessed to appellants.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.