59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 OUTDOOR COMMUNICATIONS, INC., Plaintiff-Appellant,
v.
CITY OF MURFREESBORO, TENNESSEE, Defendant-Appellee.
 No. 94-5406.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1995.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, No. 90-00231; Robert L. Echols, District Judge.
 M.D. Tenn.
 AFFIRMED
 Before: JONES and BATCHELDER, Circuit Judges, and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Outdoor Communications, Inc. ("Outdoor") is appealing an order of the district court affirming and modifying a magistrate's denial of summary judgment to Outdoor. Outdoor challenged the constitutionality of a sign ordinance and requested that the district court strike the entire ordinance rather than sever the unconstitutional portions and uphold those that passed constitutional muster. The district court denied summary judgment to Outdoor and granted partial summary judgment to the City of Murfreesboro (the "City"). We affirm the district court's judgment.
 
 I.
 
 2
 In 1990, the City of Murfreesboro adopted a sign ordinance limiting the display of commercial and noncommercial messages on outdoor, offsite signs. In March 1990, Outdoor, a corporation engaged in the outdoor advertising business, filed a complaint challenging the city ordinance. In response, the City enacted a new ordinance, and Outdoor filed an amended complaint, challenging the new ordinance on constitutional and other grounds, and a motion for summary judgment.
 
 
 3
 After the motion was referred to a magistrate, the City filed a cross-motion for summary judgment. The magistrate entered a report and recommendation, striking four provisions of the ordinance on constitutional grounds, to which both parties objected in part. The district court adopted the magistrate's report and recommendation, and modified it, striking another seven provisions on constitutional grounds. The district court then severed the unconstitutional portions of the ordinance and held that the remaining constitutional provisions would continue in effect. This appeal followed.
 
 II. Doctrine of Elision
 
 4
 At oral argument, counsel for Outdoor indicated that it was appealing from the district court's denial of its motion for summary judgment, rather than appealing the partial grant of summary judgment to the City. A decision to deny a motion for summary judgment is reviewed for abuse of discretion. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied sub nom. Pinney Dock & Transp. Co. v. Norfolk & Western Ry. Co., 488 U.S. 880 (1988).
 
 
 5
 In Tennessee, the doctrine of elision, which refers to the legal process of severing unconstitutional or "obnoxious" provisions of a statute so as not to invalidate an entire act, is well-established in case law. Moore v. Fowinkle, 512 F.2d 629 (6th Cir. 1975). Although the doctrine is not favored, courts have consistently applied elision to avoid defect of legislative intent where the statute itself includes a severability clause. Id. at 631. The City's ordinance contains such a severability clause.
 
 
 6
 The Supreme Court has held that "[s]everability of a local ordinance is a question of state law." City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750, 772 (1988). Therefore, the doctrine of elision will apply, as governed by Tennessee law.
 
 
 7
 The lower court eliminated eleven subsections of the ordinance on grounds that they violated the First Amendment. The resultant ordinance has the coherent effect of exempting from fee and permit requirements all signs that are either temporary or small enough not to interfere with traffic. Even though the exemptions for address plaques and flags were removed, the size exemptions remain in effect, and lend resultant logic to the ordinance. The City is therefore left with an ordinance narrowly tailored to its purpose, that being to help the public locate goods, eliminate confusion, and encourage general attractiveness. Because the ordinance, as it stands after the unconstitutional subsection have been stricken, maintains logical integrity and does not contradict the intent of the City, we conclude that the district court did not err when it severed the unconstitutional sections and left the remaining ordinance in effect.
 
 
 8
 At oral argument, Outdoor reiterated its stance that severing the unconstitutional subsections from section 6(B) of the ordinance results in greater restrictions on speech, and that the resultant ordinance creates an unconstitutional ban on the erection of signs. Outdoor has misconstrued the ordinance. This ordinance seeks to place restrictions on the erection of signs by requiring permits and fees on all signs, banners, billboards, flags, and similar structures. In order to avoid creating an ordinance that was unconstitutionally broad, the City included section 6(B), which listed twelve categories of signs that would be exempt from permit or fee requirements. Several of these categories were struck in the lower courts on the grounds that they created an impermissible distinction between signs based on their speech content, for example, requiring fees for flags, but not for government flags.
 
 
 9
 When these content-based exemption categories were struck, the remaining ordinance required fees and permits of more types of signs than originally planned. Included, for instance, were address plaques larger than 4 1/2 feet square, however unlikely the existence of such plaques might be. It is noteworthy that the ordinance did not prohibit the erection or placement of signs altogether. As it currently stands, an individual who wants to fly a flag larger than 4 1/2 feet square must obtain a permit or a variance. One is not wholly forbidden to fly such a flag.
 
 
 10
 The fee requirements themselves are not prohibitively expensive, and they do not effectively constitute a bar to the construction of signs. Fees consist of a one-time charge of ten dollars, plus fifty cents per square foot. Portable temporary signs require a flat fifteen dollar fee. A business or individual that did find such a fee prohibitive could appeal to obtain an economic hardship variance.
 
 
 11
 Outdoor contends that sections 3(A) and 7(AA) of the ordinance, when read together, effectively prohibit construction of signs and erection of flags in Murfreesboro. What the ordinance actually states is that it is unlawful for any person to erect a sign without first obtaining a permit or a variance from a permit, and paying a permit fee. Any sign erected without a permit, unless exempted, is unlawful. This does not ban the construction of signs in Murfreesboro. It simply requires an individual who wishes to erect a sign to do one of three things: (1) obtain a permit and pay a fee; (2) appeal for a variance from the requirements; or (3) erect a sign smaller than 4 1/2 feet square or one otherwise exempted from permit and fee requirements as set forth in section 6(B).
 
 III. First Amendment
 
 12
 Outdoor also argues that the ordinance violates the First Amendment because it effectively eliminates erection of any new signs. While the First Amendment does not shield Outdoor from future economic loss, if the effect of an ordinance is to prevent any new speech from being displayed, the First Amendment can be implicated. Nothing in the ordinance, however, prohibits Outdoor from rebuilding old billboards in conformance with size restrictions, maintaining nonconforming billboards without adding to the nonconformities, buying conforming billboards from other owners or erecting new billboards, one thousand feet from one another, on the recently completed highway frontage. Furthermore, the City of Murfreesboro has ample alternative modes of commercial and noncommercial advertising in its extensive radio, television and print publications.[1] See Wheeler v. Comm'r of Highways, 822 F.2d 586, 589 (6th Cir. 1987) (noting that certain restrictions on expression are valid so long as they leave open ample alternative channels for communication of the information), cert. denied, 484 U.S. 1007 (1988).
 
 
 13
 Although recent cases on regulation of outdoor advertising and commercial speech are slightly dissonant, the tests established in these cases are clear. Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 501 (1981). The Murfreesboro ordinance is distinguishable from the one at issue in Metromedia, in that Murfreesboro has not banned all offsite signs, nor has it attempted to create content-based distinctions between commercial and noncommercial outdoor, offsite billboards.
 
 
 14
 The City contends that in order to maintain its interests in eliminating confusing advertising and promoting aesthetics, it must regulate offsite billboards, such that none is built within 1000 feet of another, and such that nonconforming signs do not add to their nonconforming features. Given that the City is relatively small and that current billboard use is not being eliminated, the restrictions in the ordinance are narrowly tailored to achieve the City's substantial interests. This court finds that summary judgment was appropriately denied to Outdoor and granted to the City, because alternative modes of communication are plentiful and because the ordinance, severed from its content-based restrictions, is a reasonable place and manner restriction. See Wheeler, 822 F.2d at 589.
 
 
 15
 At oral argument, Outdoor repeated its contention that restrictions on new billboards are unconstitutional. Its argument is based upon the claim that there are no new sites within Murfreesboro where new billboards can be constructed. We reject this contention. The City stated at oral argument that new highway frontage, recently completed in Murfreesboro, will allow the construction of new billboards in conformance with the ordinance, and this was uncontradicted. Outdoor's argument is therefore rejected as unsupported.
 
 
 16
 IV. Lack of Guidance to Appeal Board as Due Process Violation
 
 
 17
 Outdoor, moreover, contends that the ordinance, which allows for variances and relief to owners of nonconforming signs, lacks sufficient criteria to guide the City Council and Board of Zoning Appeals, and that the ordinance therefore violates the Due Process Clause of the Fourteenth Amendment. The law broadly requires clearly-defined statutory prohibitions in order to satisfy due process. Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).
 
 
 18
 The magistrate held that the City's ordinance was not overbroad or vague with regard to the discretion permitted the Board of Zoning Appeals in determining when to grant a variance, and the district court affirmed on this issue. Outdoor argues, however, that section 15(d) of the ordinance, defining the standards for a variance, only supplies specific criteria for when the Board shall not grant variance, and that factors for granting a variance are wholly undefined and discretionary. To the contrary, the City contends that both sections 13-7-207 and 13-7-208 of the Tennessee Code and controlling case law, by which the Board is bound, describe the appropriate criteria in greater detail and provide ample guidance for granting a variance. We agree with the City and the lower court that the ordinance is not void for vagueness and accordingly affirm the district court's decision on this issue.
 
 V. Violation of Tennessee Code
 
 19
 The Plaintiff's final argument is that the provisions of the ordinance prohibiting reconstruction of a nonconforming sign in conformity with height and area limitations violate section 13-7-208(d) of the Tennessee Code, which prohibits municipalities from altering preexisting zoning restrictions. This issue is not ripe for appeal. Facially, the ordinance does not appear to violate section 13-7-208(d), which deals with the demolition of buildings formerly in conformance and their reconstruction under new zoning regulations. Tennessee courts, however, have held that the provisions of the statute apply to billboard businesses. Creative Displays, Inc. v. City of Pigeon Forge, 576 S.W. 2d 356 (Tenn. Ct. App. 1978). As the magistrate indicated, if at some future date Outdoor loses, by act of God or nonrenewal of a lease, a billboard site and cannot either reconstruct it in a conforming manner or obtain a variance to except it from the ordinance, then it may have a case to present. As it currently stands, however, Outdoor may either purchase existing, conforming signs or build new signs in conformance with the ordinance, should the old be destroyed. We are therefore convinced that the district court appropriately denied summary judgment to Outdoor on this issue.
 
 VI.
 
 20
 Based upon the foregoing, we affirm the district court's denial of summary judgment to Outdoor, and uphold the court's severance of the unconstitutional sections of the ordinance from those remaining, granting full effect to the resultant ordinance.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Outdoor makes the rather specious argument that the tobacco industry is banned from radio and television, therefore potentially excluding it from advertising if billboards are eliminated. Tobacco products, however, can be advertised in print media, which exist in Murfreesboro. Additionally, nothing prevents Outdoor from buying existing, conforming billboard space or erecting new billboards and offering them to those wishing to advertise tobacco products