**LAMAR ADVERTISING OF TENNESSEE, INC.,**
Plaintiff–Appellee,

v.

**CITY OF KNOXVILLE, Tennessee and Knoxville City Council,**
Defendants–Appellants.

Court of Appeals of Tennessee,
Eastern Section.

Feb. 10, 1995.

Permission to Appeal Denied by Supreme Court May 30, 1995.

---

Sharon E. Boyce, Knoxville, for appellants.

Lawrence P. Leibowitz, Knoxville, for appellee.

## OPINION

GODDARD, Presiding Judge (Eastern Section).

The City of Knoxville appeals the Chancellor's application of T.C.A. 13–7–208 to two billboards owned by Lamar Advertising of Tennessee, located along Interstate 40/75 in Knoxville. The area in which the signs are located—south of the interstate and east of Cedar Bluff Road—is zoned Planned Commercial; billboards are prohibited. However, the Chancellor found that the billboards are non-conforming uses and allowed Lamar to remove and replace them under T.C.A. 13–7–208.

After reviewing precedent and the Chancellor's opinion, we reverse.

Lamar currently owns and maintains the billboards at issue. The City annexed the property on which the billboards are situated in April of 1990. The age of the billboards is unknown; the only proof in the record shows they existed as early as 1972. There is further proof that the property at issue has been zoned to prohibit billboards since the 1950s. Conversely, there is no evidence that the property was ever zoned to permit billboards.

In February of 1991, presumably intending to modernize its signs, Lamar applied to the City for permits to rebuild the existing billboards. The City refused to issue the permits, contending that the billboards were illegal. Lamar filed suit in Chancery Court seeking an order compelling the City to issue the appropriate permits. After a trial, the Chancellor granted the requested relief and Lamar replaced the existing billboards with new ones.

The primary issue in this case is the interpretation of T.C.A. 13–7–208(d), which states:

> (d) Industrial, commercial, or other business establishments *in operation and permitted to operate under zoning regulations or exceptions thereto immediately preceding a change in zoning* shall be allowed to destroy present facilities and reconstruct new facilities necessary to the conduct of such industry or business subsequent to the zoning change.... No building permit or like permission for demolition, construction or landscaping shall be denied to an industry or business seeking to destroy and reconstruct facilities necessary to the continued conduct of the activities of that industry or business, where such conduct was permitted prior to a change in zoning. (Emphasis supplied.)

This Section permits non-conforming uses to exist and expand under municipal zoning ordinances.

Lamar, the party seeking the protection of the Statute, has the burden of proving that their signs are non-conforming uses which qualify for protection. Eugene McQuillen, *The Law of Municipal Corporations* § 25.188.50 (Julie Rozwadowski & James Solheim Eds., 3d Ed.1994). In *Rives v. City of Clarksville,* 618 S.W.2d 502 (Tenn.App.1981), this Court found that a plaintiff must make two threshold showings before invoking the protection of T.C.A. 13–7–208. Under *Rives,* Lamar must show: (1) There has been a change in zoning (either adoption of zoning where none existed previously, or an alteration in zoning restrictions), and (2) the use to which they put their land was permitted prior to the zoning change. Furthermore, since the effective date of T.C.A. 13–7–208 was May 13, 1973, Lamar must prove its use of the property was permitted subsequent to that date. *Rives,* supra.

■ As for the first prong of the *Rives* test, the Chancellor found that the City's annexation of the land supplied the necessary change in zoning prior to which Lamar's use was permitted. This determination was in error. The *Rives* Court required more than a change in enforcement. The Court stated that the zoning change must be significant "insofar as plaintiff is concerned"; it required a change in the uses allowed under the zoning code, which change affects the plaintiff's use of his land.

The record below shows that in 1972 the area in question was in an Agricultural Zone where billboards were prohibited. The record further shows that the area was rezoned in 1979 from Agricultural to Planned Commercial, which also prohibits billboards. The Planned Commercial zoning is still in effect. The record clearly indicates that there has been no change in the Zoning Code affecting Lamar's use of its land since before T.C.A. 13–7–208 went into effect in 1973. Lamar is unable to meet its burden of showing a change in the Zoning Code which affects its use of the land in question. Consequently, Lamar cannot invoke the protection of T.C.A. 13–7–208.

■ As for the second prong of the *Rives* test, the Chancellor based his decision that the billboards were "permitted" on the fact the County treated the billboards as legal. The Chancellor stated: "There is absolutely no question that whatever the County zoning ordinances say these billboards were permitted to exist for many years and were treated by the County as being lawfully and legally erected and maintained." The Chancellor further stated: "I think the City has to live with the County's interpretation and application of its zoning ordinance, even though the City contends that that was wrong and might have a very strong argument that the County was wrong." The Chancellor concluded, in essence, that Knox County's lax enforcement of its Zoning Code constituted the permission contemplated by the General Assembly when it drafted the language: "permitted to operate under zoning regulations or exceptions thereto." T.C.A. 13–7–208.

Again, the Chancellor's decision is in error. In *Rives* the plaintiff made a similar argument. The plaintiff argued that his operation of a junkyard in a zone which prohibited junkyards was "permitted" under T.C.A. 13–7–208 because the city had not enforced the zoning code against him though it had been in effect for 11 years. The Court disagreed, stating that the plaintiff's contention was "without merit." The Court wrote: "The clear meaning of T.C.A. § 13–7–208 is that the use must be permitted by the zoning regulations, not permitted through lax enforcement. The failure of the City to enforce the ordinance for a period of time does not estop the City from enforcing it eventually." Likewise, the failure of Knox County to enforce its Zoning Ordinance does not estop the City from enforcing the zoning now that the property has been annexed.

For the foregoing reasons, the judgment of the Chancellor is reversed and the cause remanded for collection of costs below, which are, as are costs of appeal, adjudged against Lamar.

FRANKS, J., and WILLIAM H. INMAN, Senior Judge, concur.