**Shann TEAGUE and Lonnie James,**
**Plaintiffs–Appellees,**

v.

**CAMPBELL COUNTY, Tn and Campbell**
**County Board of Education,**
**Defendants–Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 31, 1995.

Permission to Appeal Denied by
Supreme Court April 29, 1996.

Michael J. Hatmaker, Jacksboro, for Plaintiffs–Appellees.

James M. Webster, Oak Ridge, Charles W. Burson, Attorney General and Reporter and Rachel L. Steele, Assistant Attorney General, Nashville, for Defendants–Appellants.

*OPINION*

FRANKS, Judge.

The Trial Judge declared plaintiffs entitled to tenure as supervisors under private acts applicable to Campbell County and the County and School Board have appealed.

In 1949 the Legislature passed a tenure law applicable to Campbell County. Sections 1 and 2 of Private Acts 1949, Chapter 384 are pertinent to this case and provide:

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That in all counties of this state having a population of not less than 31,130 and not more than 31,135 according to the Federal Census of 1940, or any subsequent Federal Census, Civil Service or Permanent Tenure shall apply to all employees of the Boards of Education of said counties occupying the positions of principals, teachers, supervisors, clerks, secretaries, stenographers, and chief maintenance men; provided, that no persons occupying the positions of principals, teachers, or supervisors shall be deemed to be under civil service or permanent tenure unless they have been employed by the Board of Education of the counties coming within the provisions of this Act for the third year from the time of their appointment or employment; and, provided further, that no persons occupying the positions of clerks, secretaries, stenographers, or chief maintenance men shall be deemed to be under civil service or permanent tenure until after they have occupied such positions for a period of two years from the time of their appointment or employment.

SECTION 2. *Be it further enacted,* That neither the Board of Education, nor any member thereof, nor the Superintendent of Schools, nor any other official of the Board or Department of Education of any of the counties coming within the provisions of this Act, shall have any right to dismiss, discharge, demote or change any employee made subject to civil service, or permanent tenure by the provisions of this Act, from one position or class to another position or class within the Department of Education of said counties at a reduced salary, unless and until charges as specified herein shall have first been filed and sustained against such employee in the manner hereinafter provided; provided, however, that in making up the school budget the Board of Education of any such counties ascertain that there is a surplusage of employees in the system, by reason of a natural diminu-

tion of the number of pupils in any school, or otherwise, the Board of Education of any such counties may reduce the number of employees in the system to the number required by first dismissing any or all of those who have not been appointed or employed for the third year in the case of principals, teachers, or supervisors, or for the period of two years in the case of clerks, secretaries, stenographers, or chief maintenance men, from the time of their appointment or employment. If the reduction so made is inadequate or insufficient in the opinion of the Board of Education of any of such counties, the Board may then dismiss civil service employees without charges being filed or sustained, but such dismissals shall be made according to seniority of service.

In 1982, the Legislature again enacted a Private Act applicable to Campbell County, 1982 Chapter 295 which provides in pertinent part:

SECTION 2. BE IT FURTHER ENACTED, That, upon election, the Superintendent of Schools of any of the counties coming within the provisions of this Act shall have the right to recommend supervisors and successor thereof, for employment as such by the Board of Education of his county pursuant to TCA Section 49–214(1), such supervisors and successors thereof to be recommended from certified personnel employed by the Board of Education of his county. In recommending and employing a supervisory staff, *the Superintendent of Schools and Board of Education may replace a supervisory employee made subject to civil service or permanent tenure by the provisions of this Act,* by changing such employee to a teaching position within the county. Such employee shall receive a salary appropriate to that teaching position, considering his degrees held and years of teaching and supervisory service. *Provided, however, that the provisions of this section regarding the replacement of supervisors* and the changing of such supervisors to a teaching position with a salary appropriate to that teaching position *shall not apply to those who, at the date this law becomes*

*effective, are currently tenured personnel.* That in all other instances, neither the Board of Education, nor any member thereof, nor the Superintendent of Schools, nor any other official of the Board or Department of Education of any of the counties coming within the provisions of this Act, shall have any right to dismiss, discharge, demote or change any employee *made subject to civil service or permanent tenure by the provisions of this Act,* from one position or class to another position or class within the Department of Education of said counties at a reduced salary, unless and until charges as specified herein shall have first been filed and sustained against such employee in the manner hereinafter provided; provided, however, that in making up the school budget the Board of Education of any such counties ascertain that there is a surplusage of employees in the system, by reason of a natural diminution of the number of pupils in any school, or otherwise, the Board of Education of any such counties may reduce the number of employees in the system to the number required by first dismissing any or all of those who have not been appointed or employed for the third year in the case of principals, teachers, or supervisors, or for the period of two years in the case of clerks, secretaries, stenographers or chief maintenance men, from the time of their appointment or employment. If the reduction so made is inadequate or insufficient in the opinion of the Board of Education of any such counties, the Board may then dismiss civil service employees without charges being filed or sustained, but such dismissals shall be made according to seniority of service. (Emphasis supplied).

Plaintiffs are presently employed as teachers in the Campbell County School System. Both had acquired tenure as teachers in the school system in 1982 when the Act became effective. In 1988–9 both were transferred by the newly-elected superintendent to the positions in the central office as supervisors. The plaintiffs served in those positions through the 1992–3 school year. At the end of that school year both were transferred back to the classroom as teachers, with a corresponding reduction in salary. No charges were brought by the school system under the Private Tenure Act to demote the plaintiffs or reduce their salaries.

The Trial Judge held that both plaintiffs were entitled to receive supervisors' benefits and were entitled to back pay for the differential in salaries, and ordered that the plaintiffs were to be paid as supervisors for all future employment in the system, he concluded the grandfather clause of the 1982 amendment to the Private Act of 1949 was applicable to the plaintiffs and in effect grandfathered them as supervisors by virtue of having served as supervisors more than three years subsequent to passing of the 1982 Act.

■ The principal thrust of the defendants' appeal is that the Private Acts are unconstitutional, but it is our duty to pretermit a constitutional issue if the case can be disposed of on a non-constitutional issue. *Watts v. Memphis Transit Management Company,* 224 Tenn. 721, 462 S.W.2d 495 (1971).

■ A grandfather clause is defined as "an exception to a restriction that allows all those already doing something to continue to do it, even if they would be stopped by the new restriction". *Black's Law Dictionary,* 5th Ed. West. A grandfather clause exception in a statute must be construed strictly against the party who seeks to come within the exception. 73 Am.Jur.2d Statutes, § 313, p. 464.

■ Strictly construing the exception, the 1982 exception only applies to those who had attained tenure as supervisor in 1982. It would be a strained and illogical construction to say the Legislature intended to grandfather school personnel in a position they had not earned or did not occupy at the time the Act became effective.[1]

---

1. The key phrase throughout the Act is "made subject to ... permanent tenure by the provisions of this Act."

Since the plaintiffs were teachers and not tenured supervisors in 1982, they do not fall within the grandfather clause and we reverse the judgment of the Trial Court. We dismiss the action and remand at plaintiffs' cost.

McMURRAY and SUSANO, JJ., concur.