IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 6, 2002 Session

# EXXON CORPORATION v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Davidson County Chancery Court**
**No. 99-2695-II     Carol L. McCoy, Chancellor**

_____

**No. M2000-00614-SC-R11-CV - Filed March 19, 2002**

_____

We granted permission to appeal in this case to determine whether the Court of Appeals erred in defining the phrase "on that same location" as it is used in Tenn. Code Ann. § 57-5-109 to mean anywhere within the boundary lines of the property. We hold that such a definition, when considered in pari materia with the Nashville and Davidson County Metropolitan Code, broadens the scope of this statutory grandfather provision. Accordingly, we reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

**Tenn. R. App. P. 11 Application for Permission to Appeal; Judgment of the Court of Appeals Reversed, Judgment of the Chancery Court Affirmed.**

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Scott K. Haynes, Nashville, Tennessee, for the appellee, Exxon Corporation.

John L. Kennedy, Shayna Abrams, and Daniel Champney, Nashville, Tennessee, for the appellants, Metropolitan Government of Nashville and Davidson County, Tennessee, and Metropolitan Beer Permit Board of the Metropolitan Government of Nashville and Davidson County, Tennessee.

**OPINION**

**Factual and Procedural Background**

On March 1, 1999, Exxon Corporation ("Exxon") purchased a business located at 1401 Charlotte Avenue, Nashville, Tennessee. The structure which housed the existing business was located more than one hundred feet from a daycare, school, church or public gathering area, and

sold beer under a valid beer permit granted prior to January 1, 1993. However, Exxon demolished the building in which the previous business was located, and constructed a new building on a different site on the property. On May 10, 1999, Exxon applied for a beer permit for its new business, a "Tigermarket," which is a combination gas station and convenience store. In its beer permit application, Exxon indicated that the Tigermarket would not be located within one hundred feet of any day care center or playground. On May 26, 1999, pursuant to standard policy, the Metropolitan Beer Permit Board of the Metropolitan Government of Nashville and Davidson County ("Beer Board") granted Exxon a provisional, temporary beer permit for the Tigermarket, which opened for business on June 21, 1999. Thereafter, the Beer Board inspected the new building and discovered that the Tigermarket was located only eighty-four feet from the Bethlehem Daycare Center ("Center"), and only eighty feet from the Center's playground. Therefore, on July 28, 1999, the Beer Board denied Exxon's application for a permanent beer permit because the Tigermarket is located in violation of the one hundred feet distance requirement of section 7.08.090(A)(1) of the Metropolitan Government of Nashville and Davidson County Code of Laws ("Metro Code").

Exxon appealed the decision of the Beer Board to the Davidson County Chancery Court, which upheld the Board's decision on the grounds that the Tigermarket is not situated at the "same location" as the previous business, and therefore, is not entitled to the benefit of the grandfather clause in Tennessee Code Annotated § 57-5-109. In reversing the trial court, the Court of Appeals held that the Tigermarket does fall within the grandfather clause of § 57-5-109 because the phrase "on that same location" as used in the statute means anywhere within the boundary lines of the property on which the previous building was located. For the following reasons, we reverse.

## Analysis

The issue in this appeal is governed by Tennessee Code Annotated § 57-5-109, which provides:

> A city or county shall not suspend, revoke or deny a permit to a business engaged in selling, distributing or manufacturing beer on the basis of the proximity of the business to a school, residence, church, or other place of public gathering if a valid permit had been issued to any business on that same location as of January 1, 1993. This section shall not apply if beer is not sold, distributed or manufactured at that location during any continuous six-month period after January 1, 1993.

(Emphasis added).

In this Court, the Beer Board contends that "on that same location" means "building," and that the broad construction given this phrase by the Court of Appeals undermines the public policy behind the statute. In contrast, Exxon argues that the Court of Appeals did not err in

defining "on that same location" to mean anywhere within the boundary lines of the property because the term "location" has not been expressly defined with regard to beer permits and that, if the legislature intended for "location" to mean "building," it could have easily done so by clearly referring to the physical structure on the property.

Resolution of this matter requires that we determine what the Legislature intended when it included the phrase "on that same location" in § 57-5-109.

Construction of a statute is a question of law which we review de novo, with no presumption of correctness. . . . [The] basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature. In determining legislative intent and purpose, a court must not unduly restrict or expand a statute's coverage beyond its intended scope. Rather, a court ascertains a statute's purpose from the plain and ordinary meaning of its language, without forced or subtle construction that would limit or extend the meaning of the language. . . . [A] court must not question the reasonableness of a statute or substitute its own policy judgments for those of the legislature.

Gleaves v. Checker Cab Transit Corp., Inc., 15 S.W.3d 799, 802-03 (Tenn. 2000)(internal citations omitted). In its opinion below, the Court of Appeals looked to the dictionary definition of "location," finding two possible alternatives suitable to this case. "Location" is defined as "the specific place or position of a person or thing," or "the designation of the boundaries of a particular piece of land, either on the record or on the land itself." Black's Law Dictionary 951 (7th ed. 1999). The Court of Appeals chose to apply the latter definition, finding that "[t]he legislature clearly intended that in this statute 'on that same location' would have the same meaning as 'upon that same property.'" We disagree.

In determining the meaning of the phrase, "on that same location," it is appropriate to afford deference to the interpretation made by the Beer Board. "As a general rule courts must give great deference and controlling weight to an agency's interpretation of its own rules . . . [except] where the interpretation is plainly erroneous or inconsistent with the regulation itself." Environmental Defense Fund, Inc. v. Tennessee Water Quality Control Bd., 660 S.W.2d 776, 781 (Tenn. Ct. App. 1983). See also Costello v. Acco Transp. Co., 232 S.W.2d 297, 308 (Tenn. Ct. App. 1949). For the reasons provided below, we find the Beer Board's interpretation of "on that same location" to be consistent with the beer permit regulations of the Metro Code and the Tennessee Code Annotated.

Section 7.08.090A (since amended) of the Metro Code provides:

1. No beer permit shall be issued to an applicant whose location is less than one hundred feet from a church, a school or its playground, a park, a licensed day care center or nursery school or their playgrounds.

-3-

2.  Distances shall be measured in a straight line from . . . the closest point of the applicant's building to the closest point of the building of a school, licensed day care center or nursery school, or to the closest boundary of the playground of the school, day care center or nursery school, whichever is closest to the applicant's building.

Defining "location" as the boundary lines of the property is not a workable definition when the Beer Board regulations require that distances be measured using the straight-line method between buildings.  Cf. Watkins v. Naifeh, 635 S.W.2d 104 (Tenn. 1982)(upholding the City of Mason's method of measuring distance between property lines rather than between buildings so long as the straight-line-method is utilized in the actual measurement).  Indeed, if the Metro Code required distances to be measured between property lines, then we could justify affirming the Court of Appeals because, in such a case, the intent of the Metro Government to regulate beer sales based on the distance between property lines would be clear and manifest.  Only in a case where distance is measured between property lines would "same location" refer to a business situated anywhere within the boundary lines of the property.  The Metro Code, however, unequivocally provides that beer permits shall be issued only when the building where the business is located complies with the one hundred feet distance regulation. "Municipalities are given extremely broad powers to regulate the sale, storage, manufacture, etc. of alcoholic beverages within their boundaries.  This power extends even to the power to ban such sales or to place an absolute limit upon the number of licenses or permits issued." Watkins, 635 S.W.2d at 107.  Cities may "exercise[ their] express statutory power to 'fix zones' by stating the distances which shall be required and defining the points to which the straight-line method of measurement shall be applied."  635 S.W.2d at 109.[1]  In light of the power of the Metropolitan Government of Nashville and Davidson County to "fix zones" of beer sales, and the manifest intent to apply the straight-line method of measurement between buildings, we hold that, to obtain the benefit of the grandfather clause in § 57-5-109, the building in which the business is located must comply with the one hundred feet distance regulation, as did the prior building.

In so holding, we are mindful that a grandfather clause, such as § 57-5-109, "exempts a class of persons or transactions because of circumstances existing before the new rule or regulation takes effect." Black's Law Dictionary 706 (7th ed. 1999)(emphasis added).  As such, "[a] grandfather clause exception in a statute must be construed strictly against the party who seeks to come within the exception. . . . [T]he party seeking the protection of the statute has the burden of proving that its [business] is a pre-existing non-conforming use which qualifies for protection." Outdoor West of Tennessee, Inc. v. Johnson City, 39 S.W.3d 131, 135 (Tenn. Ct. App. 2000)(citing Teague v. Campbell County, 920 S.W.2d 219 (Tenn. Ct. App. 1995)).  See

---

[1] Watkins affirmed that, for purposes of beer permit distance requirements, a straight-line method of measurement is required in Tennessee.  See also Jones v. Sullivan County Beer Board, 292 S.W.2d 185, 187 (Tenn. 1956)(adopting a straight-line method of distance measurement); Serv-U-Mart, Inc. v. Sullivan County, 527 S.W.2d 121, 123 (Tenn. 1975).

also Lamar Adver. of Tennessee, Inc. v. City of Knoxville, et al., 905 S.W.2d 175, 176 (Tenn. Ct. App. 1995). In the case before this Court, the former business at 1401 Charlotte Avenue stood in compliance with the one hundred feet regulation provided in the Metro Code. Assuming the prior business had not been relocated on the property, had the Metro Code been amended to a two hundred feet restriction, the former business would have been entitled to the benefit of the grandfather clause under the earlier regulation and would have the benefit of not having its permit revoked on the basis of the new distance restriction. However, as a result of Exxon demolishing the existing building and constructing a new building less than one hundred feet from the day care center and playground, the circumstances under which the former business was issued a beer permit have changed and Exxon's Tigermarket falls outside the protection of § 57-5-109.

Section 57-5-106 of the Tennessee Code Annotated grants "cities, towns and Class B counties [the power to] impose additional restrictions, fixing zones and territories and provide hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide." Common sense indicates that, in drafting the grandfather provision in § 57-5-109, the legislature did not intend to allow a business to circumvent beer permit distance requirements enacted by cities, towns and counties by changing the circumstances under which previous beer permits were issued.

**Conclusion**

We hold that the grandfather provision found in Tennessee Code Annotated § 57-5-109 must be construed narrowly, and, as a result of the method of measuring distance employed by the Metro Code, the phrase "on that same location" requires that Exxon's new building in which beer is sold be situated in compliance with the earlier distance regulation so as to remain consistent with the grandfather exemption from the beer permit requirements. Exxon's Tigermarket, now located less than one hundred feet from the Center and its playground, is not entitled to the benefit of the grandfather clause in section 57-5-109, and therefore may not escape the decision by the Beer Board to deny Exxon's beer permit application on the grounds that the new building stands in violation of the one hundred feet distance requirement. Accordingly, we reverse the decision of the Court of Appeals and affirm the judgment of the trial court. Costs in this appeal are taxed to the appellee, Exxon Corporation.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE