IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 3, 2004 Session

# LAMAR TENNESSEE, LLC, d/b/a LAMAR ADVERTISING OF NASHVILLE v. THE CITY OF HENDERSONVILLE

Direct Appeal from the Chancery Court for Sumner County
No. 2001C-128    Tom E. Gray, Chancellor

No. M2003-00415-COA-R3-CV - Filed January 11, 2005

In 1987, a billboard advertising company obtained a permit to construct a billboard, approximately seventy-five (75) square feet in size, along a stretch of roadway in Hendersonville, Tennessee. At the time of issuance, the applicable zoning ordinance stated the billboard could not exceed eighty (80) square feet in size. Later that same year, the city passed a new zoning regulation providing that billboards could no longer be erected in the area as a primary use. Instead, billboards could only be erected as an accessory use to another primary use on the premises. The new zoning ordinance did not change the maximum allowable size of a billboard, which remained at eighty (80) square feet. Subsequent to the enactment of the new ordinance, the billboard company filed for a permit, pursuant to section 13-7-208 of the Tennessee Code, seeking to demolish the existing billboard and construct a new billboard, at 220 square feet in size, in its place. When the city denied the permit, the billboard company filed an action in the chancery court seeking a declaratory judgment, writ of mandamus, and permanent injunction. The billboard company also filed a motion for summary judgment, which the chancery court granted. The city filed an appeal to this court. We reverse.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

John R. Bradley, Hendersonville, TN, for Appellant

Lawrence P. Leibowitz, Rebecca G. Bond, Knoxville, TN, for Appellee

# OPINION

## Factual Background and Procedural History

This appeal involves the interpretation of section 13-7-208 of the Tennessee Code. The underlying facts presented in the trial court are undisputed. On October 21, 1987, the City of Hendersonville ("Appellant" or the "City") issued a permit to Lamar Tennessee, LLC, d/b/a Lamar Advertising of Nashville ("Appellee" or "Lamar Advertising"), allowing Lamar Advertising to construct a billboard approximately seventy-five (75) square feet in size at the intersection of New Shackle Island Road and Volunteer Drive. Lamar Advertising entered into a lease agreement with the owner of the property on which the billboard is located. At the time the City issued the permit, the applicable city ordinance allowed a maximum permissible size for billboards of eighty (80) square feet. Later in 1987, the City amended the applicable ordinance to provide that billboards could no longer be erected in the zone encompassing New Shackle Island Road and Volunteer Drive as a primary use. Instead, signs had to be erected as an "accessory use" to another primary use. However, the new ordinance did not change the maximum allowable size of billboards, which remained eight (80) square feet.

On March 15, 2001, Lamar Advertising sought to demolish the previously constructed sign and filed for a permit to erect a new 220 square foot sign in its place. The City refused to issue Lamar Advertising a permit to expand the size of the existing billboard.[1] As a result, Lamar Advertising filed a complaint in the Chancery Court of Sumner County on April 11, 2001, seeking the following: (1) a declaratory judgment that Lamar Advertising, pursuant to section 13-7-208 of the Tennessee Code, could demolish the existing sign and rebuild the larger sign in its place, and the City exceeded its legal authority by arbitrarily and capriciously denying the permit in violation of section 13-7-208 of the Tennessee Code; (2) a writ of mandamus ordering the City to grant the appropriate permit to erect the new sign; and (3) a permanent injunction restraining the City from interfering with erection of the new sign and ordering the City to issue the necessary permits to accomplish the task.

On November 1, 2001, Lamar Advertising filed a Motion for Summary Judgment with the trial court. The chancellor conducted a hearing on the motion on December 6, 2002, and he granted Lamar Advertising's motion. On January 14, 2003, the chancery court entered a Final Judgment in favor of Lamar Advertising, providing, in relevant part, as follows:

> It is, therefore, ORDERED, ADJUDGED, and DECREED that
> Plaintiff have the following relief:
> 1)     That the Plaintiff shall be entitled to demolish and

---

[1] Around the same time Lamar Advertising applied for the permit to expand the size of the sign located at New Shackle Island Road and Volunteer Drive, it also filed for a permit to demolish and rebuild another 220 square foot sign located in another part of the city. This second sign, already 220 square feet in size, was also erected prior to the new ordinance taking effect. Therefore, the City granted this permit because Lamar Advertising was not enlarging the sign beyond its original size.

rebuild the outdoor advertising display at issue, same being a pre-existing, although presently nonconforming use of said property and such rights are therefore protected under the provisions of Tennessee Code Annotated § 13-7-208;

2)    That the Defendant City of Hendersonville is hereby ORDERED to grant to the Plaintiff all appropriate building permits or similar permission with regard to the outdoor advertising structure located on this parcel of land; [and]

3)    That a Writ of Mandamus issue, if necessary, ordering the Defendant City of Hendersonville to grant to the Plaintiff the appropriate permits for which is [sic] has applied. . . .

The City filed a timely notice of appeal to this Court presenting the following issue for our review: Whether the chancery court erred in holding that section 13-7-208 of the Tennessee Code permits the Appellee to demolish, rebuild, and expand the billboard at issue. For the reasons set forth herein, we reverse.

**Standard of Review**

Since this case involves a trial court's grant of summary judgment to one of the parties in the instant litigation, we apply the following standard of review:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *Byrd*, 847 S.W.2d at 215.

*Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

**The Grant of Summary Judgment**

Both parties are in agreement that, subsequent to the City's enactment of the new ordinance in 1987, the billboard at issue became a legal pre-existing non-conforming use entitled to protection under section 13-7-208 of the Tennessee Code. The City concedes that the applicable statute gives Lamar Advertising the right to maintain, and even replace, the structure. The area of contention between the parties concerns whether the applicable statute permits Lamar Advertising to enlarge the billboard beyond the eighty (80) square feet maximum limitation which the City carried over from the old ordinance and incorporated into the current ordinance.

The power of a municipality to enact zoning regulations derives from the General Assembly's enactment of zoning legislation codified at section 13-7-101 *et seq.* of the Tennessee Code. *See Lafferty v. City of Winchester*, 46 S.W.3d 752, 757–58 (Tenn. Ct. App. 2000). In enabling municipalities to enact zoning regulations, the legislature also placed a limitation on the power of municipalities, which this Court has noted by stating:

> The General Assembly recognized that empowering local governments to enact zoning ordinances could result in hardship to existing property owners whose property was not previously covered by land use restrictions. These property owners could find themselves in violation of a newly enacted zoning ordinance simply because the existing use of their property was inconsistent with the new restrictions. Rather than leaving the resolution of this problem entirely to the local governments, the General Assembly decided, as a matter of policy, that certain property owners should always be permitted to continue to use their property as they had been using it before the local land use restrictions took effect.

*421 Corp. v. Metro. Gov't of Nashville & Davidson County*, 36 S.W.3d 469, 476 (Tenn. Ct. App. 2000).; *see also Lafferty*, 46 S.W.3d at 758. Thus, section 13-7-208(b) of the Tennessee Code provides that:

> In the event that a zoning change occurs in any land area . . . and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any . . . business establishment[2] in operation, permitted under the zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be

---

[2] Lamar Advertising qualifies as a "business establishment" under the applicable statute. *See Outdoor W. of Tenn. v. City of Johnson City*, 39 S.W.3d 131, 137–38 (Tenn. Ct. App. 2000). The fact that Lamar Advertising leased the premises on which its sign is located does not change this result. *See Creative Displays, Inc. of Knoxville v. City of Pigeon Forge*, 576 S.W.2d 356, 358 (Tenn. Ct. App. 1978) (stating that a business does not have to be a fee owner of the subject land, but it may be a lessee and still qualify for protection under Tenn. Code Ann. § 13-7-208).

permitted; provided, that no change in the use of land is undertaken
by such industry or business.

Tenn. Code Ann. § 13-7-208(b)(1) (2003); *see also Simmons v. City of Lexington*, 11 S.W.3d 136, 141 (Tenn. Ct. App. 1999). Subsection (d) of the statute permits a business establishment to "destroy present facilities and reconstruct new facilities necessary to the conduct of such industry or business subsequent to the zoning change." Tenn. Code Ann. § 13-7-208(d) (2003); *see also 421 Corp.*, 36 S.W.3d at 476.

The expansion of a business establishment, which the parties argue is the focus of this appeal, is governed by subsection (c), which provides:

> [B]usiness establishments in operation and permitted to operate under zoning regulations or exceptions thereto in effect immediately preceding a change in zoning shall be allowed to expand operations and construct additional facilities which involve an actual continuance and expansion of the activities of the industry or business which were permitted and being conducted prior to the change in zoning; provided, that there is a reasonable amount of space for such expansion on the property owned by such industry or business situated within the area which is affected by the change in zoning, so as to avoid nuisances to adjoining landowners. No building permit or like permission for construction or landscaping shall be denied to an industry or business seeking to expand and continue activities conducted by that industry or business which were permitted prior to the change in zoning; provided, that there is a reasonable amount of space for such expansion on the property owned by such industry or business situated within the area which is affected by the change in zoning, so as to avoid nuisances to adjoining landowners.

Tenn. Code Ann. § 13-7-208(c) (2003); *see also 421 Corp.*, 36 S.W.3d at 476. Our review of the complaint filed by Lamar Advertising in the chancery court, as well as the arguments it puts forth on appeal, leads us to conclude that Lamar Advertising takes the position that, when the City changed the zoning ordinance, their use of the billboard became a non-conforming use, therefore, they were automatically entitled, pursuant to section 13-7-208 of the Tennessee Code, to destroy the present billboard and erect in its place a larger structure.

This Court has classified section 13-7-208 of the Tennessee Code as a "grandfather clause," which we have described as follows:

> A grandfather clause is defined as "an exception to a restriction that allows all those already doing something to continue doing it, even if they would be stopped by the new restriction."

Black's Law Dictionary 629 (5th ed. 1979).  A grandfather clause exception in a statute must be construed strictly against the party who seeks to come within the exception.  *Teague v. Campbell County*, 920 S.W.2d 219, 221 (Tenn. Ct. App. 1995), *perm. app. denied* (Tenn. 1996).

*Coe v. City of Sevierville*, 21 S.W.3d 237, 243 (Tenn. Ct. App. 2000); *see also Outdoor W. of Tenn., Inc. v. City of Johnson City*, 39 S.W.3d 131, 135 (Tenn. Ct. App. 2000).  Since Lamar Advertising is the party seeking protection of the applicable statute, it has the burden of proving the sign is a pre-existing non-conforming use qualifying for protection.  *Lamar Adver. of Tenn., Inc. v. City of Knoxville*, 905 S.W.2d 175, 176 (Tenn. Ct. App. 1995) (citation omitted); *see also Outdoor W. of Tenn.*, 39 S.W.3d at 135; *Coe*, 21 S.W.3d at 243.  In satisfying this burden, Lamar Advertising must show (1) a change in zoning restrictions, and (2) permissive operation of the business prior to the change.  *Rives v. City of Clarksville*, 618 S.W.2d 502, 505 (Tenn. Ct. App. 1981).

The chancellor, in granting summary judgment to Lamar Advertising, relied on the holding in *Lamar Advertising of Tennessee, Inc. v. City of Knoxville*, No. 03A01-9407-CH-00252, 1995 Tenn. App. LEXIS 184 (Tenn. Ct. App. Mar. 23, 1995), *perm. app. denied* 1995 Tenn. LEXIS 495 (Tenn. Aug. 28, 1995), an unreported decision rendered by the Eastern Section of this Court, to find that section 13-7-208 of the Tennessee Code allowed Lamar Advertising to expand its sign.  That case involved a dispute concerning three separate parcels of land which contained signs operated by Lamar Advertising.  *Lamar Advertising of Tenn., Inc*., 1995 Tenn. App. LEXIS 184, at *1.  On one of the parcels, Lamar Advertising had maintained a billboard since 1971 in an area where the city permitted billboards.  *Id*. at *2.  Subsequently, the city enacted a new zoning ordinance prohibiting the erection of a billboard within 750 feet of another billboard along the same section of roadway.  *Id*. at *7.  In 1989, Lamar Advertising applied for a permit from the city to tear down the sign in question and build an updated version in its place.  *Id*.  However, the new sign was to be moved some twenty-four (24) feet toward the roadway and closer to another sign in violation of the new ordinance.  *Id*.  When the city denied the permit, Lamar Advertising filed an action in chancery court which resulted in a finding in favor of Lamar Advertising.  *Id*. at *8.  The city appealed the decision, arguing that "allowing Lamar to rebuild its sign in a manner that increases its non-conformity gives Lamar greater rights in its sign than the owner of a conforming sign has."  *Id*.  In rejecting the City's argument and affirming the ruling of the chancery court, the Court stated:

> In any event, we need not speculate regarding the extent to which the Legislature wished to protect non-conforming uses because the limits of the protection are set out in the Statute.  Subsection (d) of T.C.A. 13-7-208 applies only where the construction and rebuilding does not "change the use classification of the land."  The reconstruction Lamar proposed certainly does not change its use of the land at all.
> Furthermore, the Statute allows reconstruction only when "there is a reasonable amount of space for such expansion on the

> property owned by such industry or business situated within the area which is affected by the change in zoning, so as to avoid nuisances to adjoining landowners."

*Id*. at *8–9. The chancellor held that, since Lamar Advertising was not changing the use of the land and did not require additional space, Lamar Advertising was entitled to expand the sign in question.

In turn, the City is, in essence, attacking the chancery court's decision on two fronts. First, the City makes the policy argument that the legislature intended section 13-7-208 of the Tennessee Code to protect businesses from zoning changes business owners did not anticipate when commencing their business. According to the City, since the size restriction in effect when Lamar Advertising originally built the sign is the same size restriction in the new zoning ordinance, it strains the statutory language to hold that Lamar Advertising may invoke the statute's protection by merely relying on an unrelated change in the zoning law.

Second, the City asserts that Lamar Advertising failed to satisfy the two threshold requirements announced by this Court in *Rives*. In support of this position, the City relies on two decisions rendered by this Court interpreting section 13-7-208 of the Tennessee Code. Regarding the first prong in *Rives*, the City relies on the decision in *Lamar Advertising of Tennessee, Inc. v. City of Knoxville*, 905 S.W.2d 175 (Tenn. Ct. App. 1995), where it was stated:

> As for the first prong of the *Rives* test, the Chancellor found that the City's annexation of the land supplied the necessary change in zoning prior to which Lamar's use was permitted. This determination was in error. The *Rives* Court required more than a change in enforcement. The Court stated that the zoning change must be significant "insofar as the plaintiff is concerned"; *it required a change in the uses allowed under the zoning code, which change affects the plaintiff's use of his land.*
>
> The record below shows that in 1972 the area in question was in an Agricultural Zone where billboards were prohibited. The record further shows that the area was rezoned in 1979 from Agricultural to Planned Commercial, which also prohibits billboards. The Planned Commercial zoning is still in effect. The record clearly indicates that there has been no change in the Zoning Code affecting Lamar's use of its land since before T.C.A. 13-7-208 went into effect in 1973. Lamar is unable to meet its burden of showing a change in the Zoning Code which affects its use of the land in question. Consequently, Lamar cannot invoke the protection of T.C.A. 13-7-208.

*Lamar Advertising of Tenn., Inc.*, 905 S.W.2d at 177 (emphasis added). Applying this rationale, the City argues that the change to the zoning ordinance at issue in this case did not affect Lamar Advertising's use of the property since Lamar Advertising may still maintain the current sign. Next,

the City points to our decision in *Coe v. City of Sevierville*, 21 S.W.3d 237 (Tenn. Ct. App. 2000), where it was stated "[i]t would be a 'strained and illogical conclusion' to say the Legislature intended to grandfather a use which would put Plaintiff in a better position than she was in before the zoning became effective." *Coe*, 21 S.W.3d at 243 (citing *Teague v. Campbell County*, 920 S.W.2d 219, 221 (Tenn. Ct. App. 1995)).

We find that the chancery court erred in relying solely on our decision in *Lamar Advertising of Tennessee, Inc. v. City of Knoxville*, No. 03A01-9407-CH-00252, 1995 Tenn. App. LEXIS 184 (Tenn. Ct. App. Mar. 23, 1995), to support a grant of summary judgment in favor of Lamar Advertising. We note, as does Lamar Advertising, that before Lamar Advertising can rebuild an expanded version of the billboard at issue, it must first destroy the present structure. In order to do so, reference must be made to section 13-7-208(d) of the Tennessee Code, which provides that a business establishment "shall be allowed to destroy present facilities and reconstruct new facilities *necessary to the conduct of such industry or business* subsequent to the zoning change." Tenn. Code Ann. § 13-7-208(d) (2003) (emphasis added). We need not determine whether Lamar Advertising satisfied its burden by proving the existence of the two threshold requirements set forth in *Rives*. Assuming arguendo that Lamar Advertising did in fact satisfy the threshold requirements announced in *Rives*, in order to comply with section 13-7-208(d) of the Tennessee Code, Lamar Advertising needed to go further and prove that destroying the present structure was "necessary to the conduct of such industry or business subsequent to the zoning change." Tenn. Code Ann. § 13-7-208(d) (2003); *see also Outdoor W. of Tenn., Inc. v. City of Johnson City*, 39 S.W.3d 131, 136 (Tenn. Ct. App. 2000).

In *Outdoor West*, Lamar Advertising sought eleven permits from the city in order to enlarge and/or change the billboards to double-faced structures to provide more advertising space. *Outdoor W. of Tenn., Inc.*, 39 S.W.3d at 133. In 1988, the city passed a zoning ordinance prohibiting the construction of new billboards. *Id.* The city manager testified at trial that from 1981 until 1988, the zoning ordinance in effect at the time permitted billboards as long as they were no larger than 672 square feet in size. *Id.* at 134. Since the billboards at issue were constructed prior to 1988, Lamar Advertising argued that section 13-7-208 of the Tennessee Code applied, and, therefore, they could upgrade the billboards. *Id.* at 133. After the trial court deemed the billboards a non-conforming use, it applied section 13-7-208 of the Tennessee Code by ordering the city to grant the requested permits to Lamar Advertising, and the city filed an appeal to this Court. *Id.* at 134–35.

After finding that the threshold requirements announced in *Rive* were met in *Outdoor West*, we stated:

> The City argues that subsection (d) applies, that Lamar has failed to prove that the destruction and reconstruction is "necessary to the conduct of such industry or business," and, therefore, the judgment of the Trial Court must be reversed. We agree with the City that subsection (d) appears to require a higher standard of proof by Lamar,

since under that section, Lamar must show that the reconstruction is "necessary to the conduct of [the] industry or business."

*Id.* at 136. In *Outdoor West*, we affirmed the trial court's finding due to the abundant testimony offered by a representative of Lamar Advertising illustrating the need for the expansions. *Id*. at 136–37. A review of the record presently before the Court commands us to reach a different result in this case.

"Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues regarding material facts of the cause of action and that it is entitled to a judgment as a matter of law." *Keltner v. Open Lake Sporting Club*, No. W2002-00449-COA-R3-CV, 2003 Tenn. App. LEXIS 128, at *8 (Tenn. Ct. App. Feb. 12, 2003) (citing Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 1208, 214 (Tenn. 1993); *McCarley v. W. Quality Food Serv*., 960 S.W.2d 585, 588 (Tenn. 1998)). We find that the chancery court erred in awarding summary judgment to Lamar Advertising because, under the plain language of section 13-7-208 of the Tennessee Code and our interpretation of this language in *Outdoor West*, an issue of fact remains regarding whether destruction of the existing structure to facilitate the rebuilding of a new billboard is necessary to the conduct of Lamar Advertising's business. The record reveals that Lamar Advertising made merely a perfunctory statement in its motion for summary judgment to the effect that "Lamar desires to demolish and construct a more modern structure at the location." At the hearing, counsel for Lamar Advertising reiterated this same sentiment by stating "Lamar wishes to tear the sign down and put up a more modern structure." These statements do not explain why rebuilding a larger sign is "necessary" to Lamar Advertising's business. *See Outdoor W. of Tenn., Inc*., 39 S.W.3d at 136. When a genuine issue of fact remains to be resolved by the fact-finder, summary judgment is inappropriate. *See Buddy Lee Attractions, Inc. v. William Morris Agency, Inc*., 13 S.W.3d 343, 347 (Tenn. Ct. App. 1999); *City State Bank v. Dean Whitter Reynolds, Inc*., 948 S.W.2d 729, 738–39 (Tenn. Ct. App. 1996).

## Conclusion

Based on the reasons set forth herein, we find that the chancery court erred in awarding summary judgment to the Appellee in this case. Accordingly, we reverse the chancellor's decision and remand this case to the chancery court for further proceedings consistent with this opinion. Costs of this appeal are assessed against the Appellee, Lamar Tennessee, LLC, for which execution may issue if necessary.